**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WARREN REAL ESTATE HOLDINGS, INC., a Texas Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-24-1289-SLP ) |
| SINCLAIR CONSTRUCTION GROUP, INC., and MEGASLAB, INC., | ) ) ) |
| Defendants. | ) |

### **O R D E R**

In light of the recent filings and developments in this action, the Court is considering whether the automatic stay applicable to Defendant Megaslab, Inc. should be extended to this action in its entirety. Accordingly, the Court directs the parties to submit supplemental briefing as directed herein.

Section 362(a)(1) forbids continuation of an "action or proceeding *against* the debtor." (emphasis added). Under 11 U.S.C. § 362, "an automatic stay generally does not stay litigation as to [solvent] co-defendants of the bankrupt." *Meier v. Chesapeake Operating L.L.C.*, 778 F. App'x 561, 561 (10th Cir. 2019) (quoting *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984)). The Tenth Circuit has, however, recognized a narrow exception to this general rule which permits a stay to be expanded to include solvent co-defendants. *See Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994); *see also Dixie Aire Title Servs., Inc. v. SPW, L.L.C.*, 389 B.R. 222, 225 (W.D. Okla. 2008). "An illustration of such a situation would

be a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case." *Maguire-O'Hara Constr., Inc. v. Cool Roofing Sys., Inc.*, No. CIV-19-705-R, 2020 WL 674442, at *1 (W.D. Okla. Feb. 11, 2020) (citation omitted).  Further, "the narrow exception may apply if the bankruptcy proceedings would be adversely impacted if the case is not stayed as to the debtor's codefendants or if the stay would contribute to the debtor's efforts to reorganize." *Robert W. Thomas and Anne McDonald Thomas Revocable Tr. v. Inland P. Colorado, LLC*, No. 11-CV-03333-WYD-KLM, 2013 WL 708493, at *3 (D. Colo. Feb. 26, 2013) (staying the entire action where unjust enrichment claims were premised on the same facts and evidence would be identical).  Additionally, courts may exercise their inherent power to stay proceedings to provide economy of time and effort for the Court itself and for counsel and litigants appearing before the Court.  *Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir. 1963); *Landis v. North American Co.,* 299 U.S. 248, 255 (1936).

IT IS THEREFORE ORDERED that Plaintiff and Defendant Sinclair are directed to meet and confer regarding a stay of the entire action no later than **April 6, 2026**.  If the parties agree that a complete stay is warranted, they shall promptly file a Joint Notice so advising the Court.  If they disagree, each party is directed to file contemporaneous briefs addressing their position with supporting factual and legal justification.  Briefs shall be limited to ten pages and shall be filed no later than **April 15, 2026**.  Each party may submit response briefs limited to ten pages no later than **April 29, 2026**.  No replies shall be filed unless ordered by the Court.

2

IT IS FURTHER ORDERED that in light of this issue, the trial is STRICKEN from the May 2026 trial docket, to be reset pending resolution of the issue regarding the stay.[1]

IT IS SO ORDERED this 1st day of April, 2026.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] This Order does not modify or vacate any other deadlines in the Third Amended Scheduling Order [Doc. No. 71].  The parties shall still submit their pretrial filings as directed therein.