## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

WARREN REAL ESTATE HOLDINGS, INC.,)
a Texas corporation.                                )
                                                    )
            Plaintiff,                              )
                                                    )
v.                                                  )         Case No. CIV-24-1289-SLP
                                                    )
SINCLAIR CONSTRUCTION GROUP, INC.   )
and MEGASLAB, INC.                                  )
                                                    )
            Defendants.                             )

## **O R D E R**

By prior Order [Doc. No. 101] the Court directed the parties to submit supplemental briefing as to whether a stay of this action is warranted. The parties have now submitted their respective briefs [Doc. Nos. 109, 110, and 113].

## I.      **Introduction**

As set forth in the Court's prior Order [Doc. No. 101], 11 U.S.C. § 362(a)(1) forbids "continuation of an action or proceeding *against the debtor*." (emphasis added). But "an automatic stay generally does not stay litigation as to [solvent] co-defendants of the bankrupt." *Meier v. Chesapeake Operating L.L.C.*, 778 F. App'x 561, 561 (10th Cir. 2019) (quoting *Fortier v. Dona Anna Plaza Partners*, 747 F.2d 1324, 1330 (10th Cir. 1984)). The Tenth Circuit has, however, recognized a narrow exception to this general rule which permits a stay to be expanded to include solvent co-defendants under "unusual circumstances." *See Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994); *see also Dixie Aire Title Servs., Inc. v. SPW*, L.L.C., 389 B.R.

222, 225 (W.D. Okla. 2008). Upon review of the parties' briefing, the Court finds that a stay as to Defendant Sinclair Construction Group, Inc. (Sinclair) is not warranted. Sinclair does not fit into the narrow exception mentioned *supra* because Sinclair and Defendant Megaslab, Inc. (Megaslab) are not so intertwined that a judgment against Sinclair would be a judgment against Megaslab, nor would Megaslab's reorganization be affected by a judgment against Sinclair.

## II.    Analysis

### A.  The Court has jurisdiction to issue a stay.

Plaintiff Warren Real Estate Holdings, Inc. advises this Court that it is not the proper forum to extend Megaslab's stay to Sinclair, but rather the bankruptcy court is the appropriate forum. Plaintiff apprises that this Court should defer the decision to extend the stay to the bankruptcy court. While the Court is cognizant that the bankruptcy court has jurisdiction to extend the stay, this Court and the bankruptcy court possess concurrent jurisdiction to determine whether a stay may extend to a co-debtor under § 362. Accordingly, while this Court can defer to the bankruptcy court to determine the stay, it also has the ability to decide the matter for itself. *In re Baldwin-United Corp. Litig.*, 765 F.2d 343 (2d Cir. 1985) ("[w]hether the stay applies to litigation otherwise within the jurisdiction of a district court . . . is an issue of law within the competence of both the court within which the litigation is pending . . . and the bankruptcy court supervising the reorganization."); *see also Dixie Aire Title Servs., Inc. v. SPW, L.L.C.,* 389 B.R. 222 (W.D. Okla. 2008) (determining the issue of extending the stay pursuant to § 362).

2

Regardless, Sinclair has not convinced the Court that the automatic stay afforded to Megaslab should be extended to it. Unless the bankruptcy court suggests otherwise, this case will proceed as to Defendant Sinclair.

### B. A stay is not warranted because Defendants Sinclair and Megaslab are not so intertwined that a judgment against Sinclair will be a judgment against Megaslab.

The party seeking extension of the bankruptcy stay bears the burden of demonstrating unusual circumstances by clear and convincing evidence. *Raudonis as trustee for Walter J. Raudonis 2016 Revocable Tr. v. RealtyShares, Inc.*, 507 F. Supp. 3d 378, 381 (D. Mass. 2020). Extending an automatic stay is considered "extraordinary relief," and is generally not favored. *Id.*

Unusual circumstances present when "there is such 'identity' between the debtor and non-debtor parties, 'that the debtor may be said to be the real party defendant and that a judgment against the [non-debtor defendant] will in effect be a judgment or finding against the debtor.'" *Dixie Aire Title Servs.,* 389 B.R. at 224 (citing *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986). When "a debtor and nondebtor are so bound by statute or contract that the liability of the nondebtor is imputed to the debtor by operation of law," an extension of the stay is warranted. *Fleet Bus. Credit, L.L.C. v. Wings Restaurants, Inc.*, 291 B.R. 550, 553 (N.D. Okla. 2003) (citations omitted). But when a co-debtor is "independently liable," like in the case of joint tortfeasors or "where the nondebtor's liability rests on his own breach of a duty," extending the stay to the co-debtor is not warranted. *Id.*

3

To prove unusual circumstances, Defendant Sinclair points to Plaintiff's Complaint. Sinclair notes that in Plaintiff's Complaint, Plaintiff asserts the same claims against both Defendant Sinclair and Defendant Megaslab without pleading any division against a specific defendant. That alone, aside from the fact that the Defendants raise the same affirmative defenses in their Answer, is the basis for Sinclair's unusual circumstances argument. The simple fact that Plaintiff brings claims against both Sinclair and Megaslab for the same injury does not give rise to unusual circumstances. *See Id.* Nor does the fact that Defendants raise the same affirmative defenses give rise to unusual circumstances. Even if Megaslab raises these defenses later, duplicative litigation is a "direct by-product of bankruptcy law" so duplication is "congressionally created and sanctioned." *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1199 (6th Cir. 1983).

Moreover, Sinclair fails to address the fact that throughout the entirety of the litigation it has continued to vigorously draw a distinction between itself and Megaslab. For instance, in its Answer and Counterclaim [Doc. No. 18] and later in its Response to Plaintiff's Motion for Partial Summary Judgment [Doc. No. 95], Sinclair paints a very clear distinction between itself and Megaslab. Sinclair asserts the following:

> [Sinclair] pleads in its answer and affirmative defenses '*Megaslab was the exclusive owner and held all proprietary rights in the MEGASAB [sic] system*, which was the system Sinclair installed. . . Sinclair was the Authorized Installer. . . of the MEGASLAB [system] and related processes and technologies . . . MEGASLAB had an agreement as materialman . . . to provide its proprietary concrete product for use by Sinclair in the installation of the needed concrete.'

4

[Doc. No. 95, at 2] (emphasis added).  Sinclair goes on to assert that it "has no ownership rights or interest in the Megaslab concrete system and technologies" and that it "does not own all or any part of Megaslab, Inc." [Doc. No. 95, at 12].  Sinclair's own assertions lead the Court to believe that Sinclar and Megaslab are wholly separate entities and are not intertwined.  As Plaintiff addresses in its Opposition Brief [Doc. No. 110], "Sinclair cannot argue that it has no knowledge of or interest in Megaslab's technology, and simultaneously argue that the entire civil action must be stayed . . . [because] proceeding would invade Megaslab's bankruptcy estate" [Doc. No. 110, at 5].  Neither can Sinclair argue that proceeding would affect Megaslab's ability to reorganize when Sinclair has admitted to owning no interest in Megaslab's proprietary information.[1]

IT IS THEREFORE ORDERED that this matter shall proceed against Sinclair Construction Group, Inc. and a stay is DENIED.

IT IS SO ORDERED this 18th day of May, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] Sinclair further does not assert that Megaslab owes any duty, either through contract or statute, to indemnify it in these proceedings.